558 A.2d 739

DEPARTMENT OF ECONOMIC AND EMPLOYMENT
DEVELOPMENT, et al.

v.

Donald JONES.

No. 1273, Sept. Term, 1988.

Court of Special Appeals of Maryland.

June 7, 1989.

Lynn Weiskittel, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. and Arthur S. Drea, Jr., Asst. Atty. Gen., on the brief), Baltimore, for appellants.

No brief or appearance by appellee's counsel.

Argued before BISHOP, ROSALYN B. BELL and POLLITT, JJ.

POLLITT, Judge.

The issue in this case is whether the Board of Appeals of the Department of Economic and Employment Development erred as a matter of law when it concluded that an employee's persistent absenteeism and drug use, for which he ultimately was discharged, constituted "gross misconduct" which disqualified him for certain benefits under the Maryland Unemployment Insurance Law. We shall hold that the Board did not err, and shall reverse the judgment of the Circuit Court for Baltimore City.

### *Facts*

The relevant facts are brief and undisputed. Donald Jones (appellee) was employed as a Senior Stockkeeper at the Martin Marietta Corporation from May 2, 1977 to May 13, 1987. On April 10, 1987, as a result of repeated absences, extensive visits to the employer's medical facilities, and performance-related complaints by company supervisors, Jones was given a written warning by the company requiring that he complete a one-year drug treatment program and submit to random urinalysis three times per week. The agreement, signed by Jones, stated that his failure to comply could result in discharge.

Jones failed to remain drug-free. Subsequent urinalysis tests given on April 13, April 16, April 30, May 1, and May

13, 1987, all showed positive results for illegal substances including marijuana and, on at least one occasion, cocaine. Appellant simply failed to appear on other scheduled testing dates. Appellant was hospitalized for 14 days in January, 1987 for depression, stress, and suicidal behavior, and for 10 days in May of that year for related reasons.

On May 15, 1987, based on his "failure to abide to the conditions set forth in [his] conditional return to work letter dated April 7, 1987 and [his] failure to remain drug free" the company indefinitely suspended Jones. Subsequently, on May 26, 1987, Jones was hospitalized at the Sheppard Pratt Hospital for 30 days for stress and suicidal behavior. Finally, on June 8, 1987, Jones was terminated "based on a full review of [his] record."

On September 2, 1987, a hearing examiner for the Department concluded that:

> The claimant's conduct by having a positive result for drug screening results on at least 5 occasions for controlled, dangerous substances in April and May 1987, amounts to a wanton disregard to the employer's interest and constitutes gross misconduct in connection with the work, within the meaning of Section 6(b) of the [Maryland Unemployment Insurance] Law.

The Board of Appeals agreed with the hearing examiner.

On appeal, the Circuit Court for Baltimore City reversed the decision of the Board. Based on this court's subsequent decision in *Department of Employment v. Owens*, 75 Md. App. 472, 541 A.2d 1324 (1988), however, the Department filed a motion requesting the circuit court to alter or amend its original judgment. The court agreed to review briefs from both parties, but ultimately denied the motion, finding that "Mr. Jones' behavior did not constitute gross misconduct as a matter of law." This appeal followed. The Department asserts that the trial court has improperly substituted its judgment for that of the agency in determining what behavior constitutes "gross misconduct". We agree.

## I

### Standard of Review

The standard for judicial review of unemployment insurance determinations is set out in Maryland Code (1957, 1985 Repl.Vol.), Art. 95A, § 7(h), which provides:

> In any judicial proceeding under this section, the findings of the Board of Appeals as to the facts, *if supported by competent, material and substantial evidence* in view of the entire record, and in the absence of fraud, *shall be conclusive,* and the jurisdiction of [the reviewing] court shall be confined to questions of law. [emphasis added]

■ Ordinarily, therefore, the court reviewing a final decision of an administrative agency determines only the legality of the decision and whether there was "substantial evidence" from the record as a whole to support the decision. *Board of Educ., Mont. Co. v. Paynter,* 303 Md. 22, 35, 491 A.2d 1186 (1985). The Court of Appeals has summed up the "substantial evidence" standard this way:

> [the court's] appraisal or evaluation must be of the agency's fact-finding results and not an independent original estimate of or decision on the evidence. The required process is difficult to precisely articulate but it is plain that it requires restrained and disciplined judicial judgment so as not to interfere with the agency's factual conclusions under any of the tests, all of which are similar. There are differences but they are slight and under any of the standards the judicial review essentially should be limited to whether a reasoning mind reasonably could have reached the factual conclusion the agency reached. This need not and must not be either judicial fact-finding or a substitution of judicial judgment for agency judgment.

*Balto. Lutheran High Sch. v. Emp. Sec. Adm.,* 302 Md. 649, 661–62, 490 A.2d 701, 708 (1985) (*quoting Insurance Comm'r v. Nat'l Bureau,* 248 Md. 292, 309–10, 236 A.2d 282 (1967).

■ In sum, the court must review the agency's decision in the light most favorable to the agency, and should not infringe upon judgments within the presumed *expertise* of the decision-makers at the administrative agency. *Board of Educ., Mont Co. v. Paynter, supra*, at 35–36, 491 A.2d 1186, *citing Bulluck v. Pelham Wood Apts.*, 283 Md. 505, 390 A.2d 1119 (1978). We must agree with appellant that in this case, the circuit court has done precisely that.

## II
### *The Applicable Statute*

■ Maryland's Unemployment Insurance Law is embodied in Maryland Code (1957, 1985 Repl.Vol., 1988 Supp.), Art. 95A. The pertinent law with regard to this appeal, is set out in Section 6, which provides:

§ 6. **Disqualification for benefits.**
An individual shall be disqualified for benefits:

\*     \*     \*     \*     \*     \*

(b) *Gross misconduct.*—For any week in which his unemployment is due to his having been discharged or suspended as a disciplinary measure for gross misconduct connected with his work, if so found by the Executive Director.... For the purposes of this article, the term "gross misconduct" shall include conduct of an employee which is (1) a deliberate and willful disregard of standards of behavior, which his employer has a right to expect, showing a gross indifference to the employer's interest, or (2) a series of repeated violations of employment rules proving that the employee has regularly and wantonly disregarded his obligations. Misconduct not falling within this definition shall not be considered gross misconduct.

There are no hard and fast rules to determine what constitutes "deliberate and willful" misconduct. *Department of Employment v. Owens*, 75 Md.App. 472, 477, 541 A.2d 1324 (1988). In *Emp. Security Board v. LeCates,* 218 Md. 202, 145 A.2d 840 (1958), the Court of Appeals noted

that such a determination will vary with each particular case.

> Here we "are not looking simply for substandard conduct * * * but for a wilful or wanton state of mind accompanying the engaging in substandard conduct. * * * [T]he 'wrongness' of the conduct must be judged in the particular employment context. * * * [C]ertain conduct will be so flagrant that indulging in it will undoubtedly be 'misconduct' whether or not a specific rule prohibiting it has been expressly formulated and posted or otherwise announced to the employees."

218 Md. at 208, 145 A.2d at 844, *quoting* Sanders, *Disqualification For Unemployment Insurance*, 8 Vand.L.Rev. 307, 334 (1955).

The important element to be considered is the nature of the misconduct and how seriously it affects the claimant's employment or the employer's rights. Under this standard, we have no difficulty in holding that the Department reasonably could find that appellee has willfully disregarded the rights of his employer. The record reflects that appellee had a serious absenteeism problem at work, that there were complaints with regard to his ability to perform his job, and that he had flagrantly violated his agreement to remain drug free.

At the very least, appellee's continued drug use after a fair warning by the company constituted a willful disregard for the standards of behavior that an employer has a right to expect from an employee, as well as being disruptive of the orderly operation of the work place. *Owens, supra,* 75 Md.App. at 477, 541 A.2d 1324. An employer is entitled to expect an employee to report for work on schedule and drug free.

The only question for the circuit court was whether a reasoning mind could have reached the agency's conclusion. *Painter v. Dept. of Employment,* 68 Md.App. 356, 511 A.2d 585 (1986). We believe a reasoning mind could have

reached the same conclusion as was reached by the Board of Appeals.

JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR ENTRY OF JUDGMENT AFFIRMING THE AGENCY DETERMINATION; APPELLANT TO PAY COSTS.